**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| RITA S. WHITES, | ) | |
| | ) | No. 8:10-cv-03302-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MICHAEL J. ASTRUE, *Commissioner* | ) | |
| *of the Social Security Administration*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   This matter is before the court on plaintiff Rita S. Whites' ("Whites") motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Whites requests $2,285.55 in attorney's fees on the ground that she is a prevailing party under the EAJA. The government argues against the awarding of such fees, asserting that its position was substantially justified.

   Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the Administrative Law Judge (ALJ) pursuant to 42 U.S.C. § 405(g), Whites is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an

1

"issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). There is no presumption that the government's position was not substantially justified simply because it lost the case. Crawford, 935 F.2d at 656.

The court remanded this case for further consideration of whether Whites meets the criteria for Listing 12.05(C) of the Listing of Impairments. The court found that "the ALJ improperly relied on Whites' prior work history to determine there was no evidence of adaptive deficits." Magistrate J.'s Report & Recommendation ("R&R") 23, adopted by Order 2, Feb. 27, 2012. In this circuit, "the [ALJ] may not rely upon previous work history to prove non-disability where the section 12.05(C) criteria are met: 'When a claimant for benefits satisfies the disability listings, benefits are due notwithstanding any prior efforts of the claimant to work despite the handicap.'" Luckey v. Dept. of Health & Human Servs., 890 F.2d 666, 669 (4th Cir. 1989) (citing Murphy v. Bowen, 810 F. 2d 433, 436 (4th Cir. 1987)).

2

The court also remanded the case because it could not find that substantial evidence supported the ALJ's conclusion that Whites suffered ***no*** objective adaptive deficits during her developmental period. Specifically, the ALJ erred by failing to discuss record evidence that contradicted his conclusion. <u>See</u> R&R 23-26. The record contained conflicting medical opinions regarding whether Whites suffered from mental retardation and adaptive deficits during her developmental period. <u>Id.</u> It is the ALJ's duty – and not the court's – to resolve conflicting evidence in the record. <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996).

The government asserts that its position was substantially justified because the record contains conflicting evidence as to whether plaintiff has adaptive functioning deficits. The government also argues that a recent Fourth Circuit case, <u>Hancock v. Astrue</u>, 667 F. 3d 470 (4th Cir. 2012), indicates that it may be appropriate to consider a claimant's work history when considering whether she meets the criteria to satisfy Listing 12.05C.

The court is not persuaded by the government's arguments.  It is precisely because of the conflicting evidence in this case that remand was necessary. The ALJ failed to resolve conflicting evidence in the record by failing to discuss Dr. Sausser's opinion regarding plaintiff's limitations and adaptive deficits. This omission was more than just a "run-of-the-mill error in articulation;" it was the "mischaracterization of a significant body of evidence." <u>Bassett v. Astrue</u>, 641 F.3d 857, 860 (7th Cir. 2011). Remand was warranted, and the government's position was not substantially justified.

3

Because remand was warranted on the basis of the ALJ's failure to properly discuss Dr. Sausser's opinion, this court need not analyze whether the recent Hancock case modifies the Fourth Circuit's rule regarding the consideration of prior work history when determining a claimant's adaptive deficits. However, the court notes that the Hancock opinion never states that it has invalidated the rule explained in Luckey, 890 F.2d at 669, and Murphy, 810 F. 2d at 436.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658; see also Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986) (noting that administrative agencies must "follow the law of the circuit whose courts have jurisdiction over the cause of action"); Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified.").

For these reasons, the court finds that the government has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Therefore, the court **GRANTS** Whites' motion and awards fees in the amount of $2,285.55.[1]

---

[1]  Whites seeks an award of $2,285.55 based on 13.5 attorney work hours at a rate of $169.30 per hour. See Pl.'s Mot. for Attorney's Fees 1. This is a reasonable request. Although Whites has executed an affidavit that assigns her fee award to her attorney, the EAJA requires attorney's fees to be awarded directly to the litigant. Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010) ("EAJA fees are payable to litigants"); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) ("[T]he plain language of the EAJA provides that attorney's fees are payable to the prevailing party-in this case the Social Security claimants-and not the attorney."). This court has held that EAJA fees are payable to a plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel. See, e.g., Washington v. Astrue, No. 08-

4

**AND IT IS SO ORDERED**.

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 19, 2012**
**Charleston, South Carolina**

---

2631, 2010 WL 3023048, at *5 (D.S.C. July 29, 2010).  The court therefore grants attorney's fees to Whites, not her attorney, in the amount of $2,285.55.